**J. P. TONKOFF and Lilyon B. Tonkoff, husband and wife, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 1691.**

United States District Court
E. D. Washington, S. D.

July 18, 1963.

Francis J. Butler, Spokane, Wash., for plaintiffs.

Bruce A. Koppe and Joyle Dahl, Tax Div., Dept. of Justice, Washington, D. C., Frank R. Freeman, U. S. Atty., Spokane, Wash., for defendant.

EAST, District Judge.

The plaintiff J. P. Tonkoff is a practising lawyer of Yakima, Washington, having his professional income through his law firm, and additional income through real estate interests of himself and his wife. We are here concerned with claimed business expense income tax deduction incurred personally by the plaintiff J. P. Tonkoff in connection with

---

his profession which have been disallowed by the Commissioner of Internal Revenue (Commissioner). Hence, we will refer to plaintiffs merely as "taxpayer."

In dealing with the taxpayer's unitemized claim of business expense of $1,000.-00 for "entertainment" during each of the calendar years 1957, 1958, and 1959, the court is confronted with the only real problem in these proceedings. The Commissioner disallowed each of the taxpayer's claims in their entirety. Apparently the Commissioner demanded a signed, sealed, and delivered receipt revealing on its face a bona fide business expense for every cent of the claim, but, alas, the taxpayer had none. Hence, the claims were disallowed and adjustments (increase of net income) in like amount charged against the taxpayer, with a resulting deficiency of tax assessed and collected. No doubt the Commissioner felt "that it was impossible to tell how much (taxpayer) had in fact spent * * *" for entertainment in connection with his professional business. See Cohan v. Commissioner, 2 Cir., 39 F.2d 540, 541, 543. The Commissioner knew, of course, and tacitly admits that the taxpayer did actually incur some legitimate business expense during each of the years, yet the absence of documentary proof seemed controlling. The taxpayer urges that the realistic teachings of Learned Hand should apply to his plight and grant him relief as they did for Cohan, supra.

■ The evidence shows that the taxpayer is engaged in the general practice of law and has been and is very active in the affairs and offices of the National Association of Claimants' Counsel of America (NACCA) and allied societies, having authored legal publications and gained a very formidable reputation throughout these circles in the United States as being proficient in the handling of defamation claims and litigation. Cohan teaches us, 39 F.2d at p. 544, that, if necessary, we may draw upon our own personal estimates of expenses in similar situations. While I should be hesitant to liken the business of a lawyer such as

taxpayer to that of the producer and entrepreneur Cohan, I have, nevertheless, witnessed some formidable courtroom productions by the devotees of NACCA— they are of a demonstrative and outgoing type. Furthermore, as far as extrajudicial proceedings are concerned, one need only recall the "entertainments" that have been put on by individuals and groups for the members of the bench and bar attending local, state, and national legal association and society meetings, at the sign "Hospitality Room," and which realism tells us has been prompted by more than just hospitality or personal amenity. We also know of the good-relation value and necessity of the luncheon for the visiting firemen and forwarding counsel. Taxpayer testified that at his NACCA conventions in Rome, Miami Beach, and New Orleans he held "open house" parties. To allow him nothing as a business expense for these items is unrealistic, if not punitive, for his failure to have kept the bar check.

Taxpayer cannot tell us, and the court has no way of knowing, what taxpayer actually paid for his hospitality room. Taxpayer testified that in this connection he expended a great deal more than $1,-000.00 during each of the years in question. While I cannot dispute this amount, I cannot quite envision or think to that height. However, I have served on convention and judicial conference committees and have been host several times and can make a "personal estimate(s)" as Judge Hand tells us I may. Cohan was said to have been "free-handed." Taxpayer is, I believe, "outgoing" and I would estimate he spent not less than $100.00 during each convention for "entertainment" and that he ought to be allowed such sum of $100.00 as a legitimate expense of taxpayer's professional business.

I am certain that, to the many lawyers enjoying the status of taxpayer, this amount no doubt appears "trivial and unsatisfactory," but the sum is within the range of my sights and at least approaches an acknowledgement that he did spend something for entertainment as a legiti-

mate part of conducting his professional business, and further removes from him the insult of having been found to have spent nothing for the good of the order and cause. For the taxpayer to have expended any appreciable larger amount for entertainment expense, he would be like Cohan—"free-handed" to the extent that he should have more respect for the art of keeping records and realize that having once picked up the tab or chit, he should keep it.

■ I am of the opinion that the Commissioner was unreasonable and arbitrary in disallowing the taxpayer's claim for expense in toto for entertainment for each of the three years, and that the Commissioner's adjustment of $1,000.00 for each of the three years should be set aside. Further, I am of the opinion from the evidence in the case that the sum of $100.00 was the minimum of the taxpayer's expenses for entertainment at each of the conventions involved and for which he is reasonably entitled to claim as business expense during each of the two conventions in the year 1957, and each of the two conventions in the year 1958, and the one convention in the year 1959.

As to the other items in dispute, I find from the evidence that the Commissioner's adjustment of income for the taxable year 1957:

a) In the sum of $447.00 in connection with the taxpayer's claim for expenses at Phoenix, Arizona, is unreasonable and arbitrary and should be set aside and that the taxpayer should be allowed as a business expense on said items the sum of $425.00 for travel, registration fee and per diem at trial lawyers' convention;

b) In the sum of $410.00 in connection with the taxpayer's claim for expenses at Rawlings, Wyoming, is unreasonable and arbitrary and should be set aside and that the taxpayer should be allowed as a business expense of said items the sum of $150.00;

c) In the sum of $1,768.58 in connection with the taxpayer's claim for expense of European trip tickets is unreasonable and arbitrary and should be set aside and that the taxpayer should be allowed as a business expense on said items the sum of $884.29; and

d) In the sum of $3,616.25 in connection with the taxpayer's claim for expenses while attending a NACCA convention in New York and Rome is unreasonable and arbitrary and should be set aside and that the taxpayer should be allowed as a business expense on said items the sum of $275.00 accumulated per diem and $25.00 registration fee.

And as to the taxable year 1958:

a) In the amount of $582.00 in connection with the taxpayer's claim while attending the NACCA convention in New Orleans is unreasonable and arbitrary and should be set aside and that the taxpayer should be allowed as a business expense on said item the sum of $125.00 accumulated per diem and $25.00 registration fee; and

b) In the amount of $1,926.00 in connection with the taxpayer's claim while attending the NACCA convention in Miami is unreasonable and arbitrary and should be set aside and that the taxpayer should be allowed as a business expense on said item the sum of $350.00 accumulated per diem and $25.00 registration fee.

And as to the taxable year 1959:

a) In the amount of $1,090.00 in connection with the taxpayer's claim while attending the NACCA convention in Miami is unreasonable and arbitrary and should be set aside and that the taxpayer should be allowed as a business expense on said item the sum of $350.00 accumulated per diem and $25.00 registration fee.

Counsel for plaintiff is requested to submit findings and conclusions of redetermination of tax and judgment for refund in conformity with this opinion.